## WATERHOUSE *versus* FOGG.

To support a charge against the defendant for procuring a writ in the name of a third person, the plaintiff's book, with his suppletory oath, is a legal mode of proving it.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT on account annexed.

With other evidence the plaintiff offered his book of original entries and suppletory oath.

Among the items charged in plaintiff's account was one as follows :—

"1852, June 13,— To 1 D. C. writ, Stephen Decker *v.* James Palmer; Joshua Fogg, plaintiff in interest."

The defendant's counsel objected that the plaintiff's book, with his oath, was not sufficient to prove that charge, and requested the Judge so to instruct the jury.

But he refused and instructed them that such evidence alone was competent to prove that charge and any other of like character.

The verdict was for plaintiff and defendant excepted.

*Robinson,* in support of the exceptions.

*Waterhouse, pro se, contra.*

TENNEY, J. — The action was *indebitatus assumpsit,* on an account annexed. Among the items of charge was the following:—"1852, June 13. — To 1 D. C. writ, Stephen Decker *v.* James Palmer; Joshua Fogg, plaintiff in interest."

The book of original entries, verified by the plaintiff's suppletory oath, was in the case without objection. But it was contended that this was a transaction between other parties, and that this evidence was not sufficient to prove that charge.

If the plaintiff had made the writ for and on the credit of Stephen Decker, and the defendant was the party interested as the plaintiff in the suit, and the charge had been made to the latter, the book might be insufficient evidence

in support of the claim. But the case here, as disclosed by the book is, that the defendant obtained of the plaintiff a writ against James Palmer, on a demand claimed by him, but in the name of Decker. This would not render the general principle in relation to the sufficiency of books of a party, verified by his oath, inapplicable to this case.

*Exceptions overruled.*

SHEPLEY, C. J., and HOWARD and APPLETON, J. J. concurred.